## Vandersaal, Appellant, v. Hochberg.

*Equity—Trusts and trustees—Findings of fact—Evidence—Appeals.*

A bill filed by a grantee of land by a conveyance in fee simple to recover from the heirs of the grantor losses alleged to have been sustained while acting as trustee of the legal title for the grantor's benefit is properly dismissed where there is a finding of fact, sustained by the evidence, that no trust, express or implied, was established.

Argued Oct. 19, 1914.  Appeal, No. 200, Oct. T., 1914, by Samuel W. Vandersaal, from decree of C. P. Allegheny Co., Oct. T., 1913, No. 925, in equity, dismissing bill in case of Samuel W. Vandersaal v. Lewis G. Hochberg and William H. Hochberg as Trustees, William H. Hochberg and Lewis G. Hochberg in their personal right, John J. Hochberg, Charles F. Hochberg, Walter Hochberg, Albert G. Hochberg, Mathilda Kaufman, wife of Harry C. Kaufman, Caroline Hochberg, the Commonwealth Trust Company, a corporation, and Margaret A. Stuart.  Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Bill in equity to enforce an express trust.  Before MILLER, J., specially presiding.

The opinion of the Supreme Court states the case.

The court on final hearing dismissed the bill.  Plaintiff appealed.

*Error assigned,* among others, was in dismissing the bill.

*Arthur O. Fording,* for appellant.

*J. M. Clark,* with him *W. H. Pratt* and *Chalfant &
Over,* for appellees.

PER CURIAM, January 2, 1915:

This bill was filed by a grantee of land by a convey-
ance in fee simple to recover from the heirs of the grant-
or losses alleged to have been sustained while acting as
a mere trustee to hold the title and mortgage and convey
the land for the benefit of the grantor. The findings of
fact are that no trust, express or implied, was estab-
lished. These findings were supported by the evidence
and they fully sustained the decree dismissing the bill
which is now affirmed at the cost of the appellant.